MARVIN GOLD et al., Plaintiffs, *v.* THEODORE JACOBI III et al., Defendants.

Supreme Court, Special Term, New York County, December 12, 1966.

*Phillips, Nizer, Benjamin, Krim & Ballon (Theodore H. Friedman* of counsel), for plaintiffs. *David T. Walsh* for defendants.

CHARLES A. LORETO, J. The issue here presented is one of first impression in New York. Plaintiffs have served a notice of discovery and inspection in this automobile accident action, seeking the production of the driver's license of the defendant operator of the vehicle and the automobile liability insurance policy of the defendant owner. Defendants move to vacate the notice, claiming that these items are not subject to discovery and inspection.

The apparent and stated purpose for seeking discovery of the insurance policy is to ascertain the policy limits, so that settlement of the action may be discussed, bearing those limits in mind. It is well known that all motor vehicles licensed in New York State are required to have the minimum statutory liability insurance before the issuance of license plates for their operation. While plaintiffs assert that discovery of the amount of insurance may bear upon their determination of whether to seek attachment of defendants' property, no evidentiary matter has been adduced to support any claim that defendants have disposed or are " about to " dispose of or transfer any property, with a view toward thwarting any judgment. Mere conjecture and the raising of possibilities in this respect do not suffice.

The question whether insurance policies and liability insurance policy limits may be the subject of discovery in negligence actions has been raised in several recent cases in other courts and discussed by commentators. (See *Ash* v. *Farwell,* 37 F. R. D. 553 [U. S. Dist. Ct., Kan.]; *Hurley* v. *Schmid,* 37 F. R. D. 1 [U. S. Dist. Ct., Ore.]; *Hill* v. *Greer,* 30 F. R. D. 64 [U. S. Dist. Ct., N. J.]; Jenkins, Discovery of Automobile Liability Insurance Limits, 14 Univ. Kan. L. Rev. 59.) Some State and a number of Federal decisions on the question are collected in *Cook* v. *Welty* (253 F. Supp. 875 [U. S. Dist. Ct., D. C.]).

There are no Federal Circuit Court decisions on this point. The Federal court decisions cited are all of the District Court. They give as the primary reason for allowing the discovery the heavy automobile negligence dockets, which they believe can be greatly reduced by settlement if a disclosure of the defendants' policy limits is allowed. These cases state that plaintiffs, and presumably the defendants too, would more readily settle than go to trial if they knew that defendants' policy limits are low. Also, the Federal decisions state that a rule allowing such a disclosure is " one more in accord with the object, purpose and philosophy of the Civil Rules of Procedure." (*Ash* v. *Farwell, supra,* p. 556.) And the District Court, in *Cook* v. *Welty* (*supra,* p. 877) states, " The Court is unable to perceive any disadvantage that would result to them [defendant and his carrier], except perhaps purely as a matter of tactics, which would not necessarily be conducive to a just disposition of the litigation."

However, in deciding whether or not to follow such decisions in this court, one controlling factor arises which may be sufficient to mandate a denial of such a course. It is the decision made, when the CPLR was enacted, not to adopt *in toto* the Federal approach. A more restrictive approach to pretrial disclosure was instead adopted after much discussion. (See 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3101.01, 3101.02; First Preliminary Report of Advisory Committee on Practice and Procedure, pp. 433–450, 464–468, 469–477, 479–481 [1957]; 1962 Sen. Finance Committee Rep., p. 34; 1962 Sen. Finance Committee Rep., Rules of Civil Practice, pp. 12, 13 [Jan. 3, 1962].)

This court sitting at Special Term should not substantially vitiate or overturn that decision, regardless of its views on the desirability of the approach urged. The policy limits in this type of suit are not matter " material and necessary in the prosecution or defense " of this action (CPLR 3101; cf. *Guilianelle* v. *Brownell,* 7 A D 2d 691 [1958]; *Merchants Ind. Corp. of N. Y.* v. *Wallack,* 14 A D 2d 777 [1961]).

In this court's opinion, the desirability and necessity for the allowance of the discovery here sought is a matter to be determined preferably by legislation or rule after a thorough study and consideration of the rights of the policyholder and the carrier and the benefits and possible perversions that may result from a mandated discovery. Thus the question might well be raised and considered whether there would not be involved, if mandated during the pretrial stage, an unconstitutional invasion of the defendant's right to the privacy of his papers. Should this right be relinquished because of practicalities intended to expedite tort calendar dispositions?

In any event, the District Court, in *Ash* v. *Farwell* (*supra*, p. 555), seems to have been impressed with a statement found in a Kentucky case from which it quotes. In part, the quoted extract reads: "If the insurance question is relevant to the subject matter after the plaintiff prevails, why is it not relevant while the action pends? We believe it is." (*Maddox* v. *Grauman*, 265 S. W. 2d 939 [Ky.].)

This would then lead to a question why should not all defendants be examined before trial as to their property holdings and means? And what traditionally has been a postjudgment proceeding, would be transmuted into a prejudgment proceeding. And what only has been allowed to one after he has become the established creditor of another party, would be granted before the liability of the latter has been established. It strikes this court as an expedient, which the ends sought to accomplish, do not justify.

The notice is accordingly modified by striking item 1.

The driver's license sought is properly discoverable under the circumstances of this case, and the motion to strike item 2 is therefore denied.