Clarence H. Brisco, J.
This is a proceeding pursuant to CPLR 6214 (subd. [d]) for an order to compel the respondent State Farm Mutual Insurance Companies (“ State Farm ”) to deliver or transfer Policy No. 6558 087-B19-13A, a policy of insurance issued by State Farm to one Eugene G. Moody.
The petitioners are plaintiffs in a personal injury action now pending in the Supreme Court of Monroe County.
That action arises out of an automobile accident on October 15, 1967 when Ellen M. Day, .an infant, was injured in an automobile accident in the State of Missouri, allegedly through the negligence of Allen Sanders, Aileen Day and State Farm’s *498 insured Eugene Gr. Moody. Defendant Moody resides in East St. Louis, Illinois.
This action was commenced pursuant to the attachment procedures authorized by the Court of Appeals in Seider v. Roth (17 N Y 2d 111); Simpson v. Loehmann (21 N Y 2d 305).
State Farm has pursuant to CPLR 6219 filed a garnishee statement in which it admits that it issued a policy of insurance to Eugene Gr. Moody, one of the defendants herein, and in which it denies that it holds any property of the named defendant or that it is obligated to pay any sum to Eugene Gr. Moody or to any other person at this time.
The petitioners seek a judgment directing the defendant State Farm Mutual Insurance Companies, the respondent herein, to pay over, deliver or transfer Policy No. 6558 087-OB19-13A of automobile liability insurance issued to the defendant Eugene Gr. Moody, which is the legal instrument or document giving rise to the contractual obligation to defend and indemnify and levy upon pursuant to the order of attachment hereinbefore granted, to the Sheriff of the County of Monroe, New York, or in the alternative for a judgment against the said State Farm Mutual Insurance Companies, respondent, in the amount of $950,000 and costs and such other and further relief as may be just.
The respondent denies it holds any property of the said defendant Eugene G-. Moody and specifically states that it does not have possession of the policy issued to Eugene Gr. Moody. Eugene G-. Moody, likewise, states that the said insurance policy is not in possession of the State Farm Mutual Insurance Companies but is in his possession. The case of Simpson v. Loehmann (supra) has upheld the Seider case, which involved an attachment in New York of an insurer’s obligations to defend and indemnify its insured. Much has been written in commentaries and law reviews in relation to the afore-cited cases of Seider and Simpson.
Obviously, the defendant State Farm Mutual Insurance Companies issued what we may now identify as the original policy of insurance. The claim of the respondent does not appeal to this court insofar as it relates to its not having the policy of insurance afore described. This court takes judicial notice of the fact that said respondent does have a true copy of the described policy of insurance in this proceeding. The position taken by the respondent in this proceeding is that the production of the said policy of insurance permits a discovery by the petitioner of the liability insurance policy limits.
This court is not unmindful of the fact that generally speaking a discovery of the policy limits of the owner’s liability insur *499 anee policy is not allowed. (Gold v. Jacobi, 52 Misc 2d 491.)
The petitioners have obtained jurisdiction over the respondent by reason of the holdings in the 8eider and Simpson cases {supra).
Insurance coverage by the respondent under the facts and circumstances in this proceeding are relevant and material and necessary to the prosecution of the action brought by the petitioners. (43 N. Y. Univ. L. Rev., p. 1121.)
Compare CPLR 3101 (subd. [a]) (“ There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof”), with subdivision (b) of rule 26 of the Federal Rules of Civil Procedure (“the deponent may be examined regarding any matter * * * which is relevant to the subject matter involved in the pending action ”). (See, also, Allen v. Crowell-Collier Pub. Co., 21 N Y 2d 403, 406.) (“ The words, ‘ material and necessary,’ are * * * to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason.”) (p. 406); (“although there may seem to be a little more immediacy and substantiality to the word 1 material ’ than to ‘ relevant ’ — the term contained in the more liberal * * * [Federal rules] —we believe that a broad interpretation of the words ‘ material and necessary ’ is proper ” [p. 407]).
The petition is granted to the extent that the respondent is directed to deliver to petitioner’s attorney herein and to the Monroe County Sheriff a true copy of policy No. 6558 087-B19-13A of automobile liability insurance issued to the defendant Eugene G-. Moody by the respondent herein within 20 days after service upon respondent’s attorneys of record of a copy of the order to be entered herein with notice of entry.
The remaining prayer of the petition as it relates to obtaining a judgment against the State Farm Mutual Insurance Companies, respondent, in the amount of $550,000 and costs is denied without prejudice.