Paul J. Widlitz, J.
In this wrongful death action, plaintiff’s intestate, a New York resident, was a passenger riding in a vehicle owned and operated by defendant’s decedent, a Pennsylvania resident. Both of the decedents were in the Air Force stationed in New Hampshire and were killed in the State of Maine en route to their base.
Letters of administration were issued in Richmond County, New York, to plaintiff. As for the deceased driver, letters were issued to the Public Administrator of his county so that in rem jurisdiction could be obtained by attaching an insurance policy issued to the deceased driver by a locally based insurance carrier (Seider v. Roth, 17 N Y 2d 111 ; Simpson v. Loehmann, 21 N Y 2d 305). Plaintiff now moves in three directions: For the dismissal of the defendant’s affirmative defenses; for the discovery and inspection of the insurance policy in question; and to examine before trial as witnesses Trooper Bernard Emery and Chief of Police Albert Moulton, both attached to the Police Department of York, Maine.
The affirmative defenses are three in number. As a first affirmative defense, defendant states £ 1 that at the time of his death decedent was not a resident of the State of New York ”; as a second affirmative defense defendant contends 11 that the damages recoverable herein are limited and restricted under * * ° the statutes of the State of Maine ”; a third affirmative defense alleges contributory negligence by plaintiff’s intestate.
*388 The first affirmative defense is dismissed. The deceased resided with his mother on Staten Island prior to his entry into the Air Force. A person does not lose or gain a residence by reason of entry into the military service (see Matter of Altimari v. Meisser, 22 A D 2d 933, mod. 15 N Y 2d 686).
Neither the plaintiff’s decedent nor defendant’s decedent was a resident or domicilary of the State of Maine. Both were temporary residents of the State of New Hampshire. The State of Maine was merely the site of this lugubrious occurrence and there is no desideratum that importunes the application of the doctrine of lex loci delictus (Tooker v. Lopez, 24 N Y 2d 569). The interest of the State of New York predominates; that is, the concern for adequate compensation for the economic loss suffered by its domiciliaries as a result of wrongful death (Miller v. Miller, 22 N Y 2d 12, 18). It follows that this action is not subject to any foreign limitation on the amount of recovery (Tjepkema v. Kenney, 31 A D 2d 908), and so the second affirmative defense must fall.
The pleadings and trial of this action are governed by the procedural law of this State. On a trial of a wrongful death action, the burden is on the defendant to plead and prove contributory negligence. The third affirmative defense of contributory negligence is proper and is allowed to stand.
As to the disclosure aspect of this motion, plaintiff’s right to discovery and inspection and to examine before trial is governed by our procedural statutes. Whereas Maine allows a litigant discovery and inspection of a defendant’s liability policy in a negligence case, there is no such concurrent right in this forum (Gold v. Jacobi, 52 Misc 2d 491). However, jurisdiction in the cause at bar is in rem and is predicated upon the existence of the insurance contract (Simpson v. Loehmann, 21 N Y 2d 990). Under the facts and circumstances presented by this cause, the insurance contract and its coverage become a proper item for discovery and inspection (Simpson v. Loehmann, supra ; Matter of Day v. State Farm Mut. Ins. Co., 63 Misc 2d 497, 499).
Even though defendant consents to the examination before trial of the nonparty witnesses, they are beyond the jurisdiction of this court. They are not before the court; they were not ■served in Maine with notice of this motion; and they have not been afforded an opportunity to be heard on this application (CPLR 3106, subd. [b]; 3103 ; Spector v. Antenna & Radome Research Assoc. Corp., 25 A D 2d 569). The denial of this relief is without prejudice to plaintiff’s taking the testimony of the witnesses in Maine pursuant to an open commission or letters *389 rogatory. The attorneys for the parties should agree upon an appropriate discovery proceeding and incorporate that procedure in the order to be settled herein.
Accordingly, the motion is granted (1) dismissing the “ First ” and “ Second” affirmative defenses; (2) directing the defendant to produce for discovery and inspection the insurance policy covering the decedent driver-owner’s vehicle; and (3) providing for the method of examination before trial of the nonparty nonresident witnesses by letters rogatory or by an open commission in Maine. The motion insofar as it seeks the dismissal of the “ Third ” affirmative defense is denied.