Edward S. Conway, J.,
Defendant makes this motion to vacate a notice of discovery and inspection served on him by the plaintiff to produce a copy or original of the automobile liability insurance policy issued to defendant.
This is an action for personal injuries brought by the plaintiff after the defendant allegedly struck the plaintiff with his automobile. The hospital, doctors bills and nursing home bills aggregate over $20,000 according to the opposing papers. Plaintiff served a notice of discovery and inspection seeking the production of the liability insurance policy of the defendant. Defendant now moves to vacate the notice claiming that this item is not subject to discovery and inspection since it is not material and necessary to the prosecution of this' lawsuit by the plaintiff.
The Court of Appeals in Allen v. Crowell-Collier Pub. Co. (21 N Y 2d 403) broadened the meaning of the words “ material ” and “ necessary ” under CPLB 3101 (subd. [a]). The court said at pages 406-407: “ The words, ‘ material and necessary ’, are, in our view, to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason. CPLB 3101 (subd. [a]) should be construed, as the leading text on practice puts it, to permit discovery of testimony ‘ which is sufficiently related to the issues in litigation to make the effort to obtain it in preparation for trial reasonable ’ (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.07, p. 31-13).”
The policy limits cannot be admitted into the testimony and are not in issue and therefore are not material or necessary to the trial of the issues in dispute and are therefore not covered by the rule in Allen v. Crowell-Collier Pub. Co. (supra) as urged by the plaintiff.
However, at a pretrial hearing the Judge can usually obtain the limits of the policy in an effort to facilitate a settlement. (See 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.06, p. 31-14.) Why then should the calendars be clogged with cases that might be settled if such information were to be produced under pretrial procedures? Certainly the plaintiff and presumably the defendant would more readily settle if they knew that defendant’s policy limits were inadequate. The court is unable to perceive any disadvantage or prejudice that would result to the defendant and/or his carrier except perhaps the *928 availability of false tactics of giving an inference short of fraud, that the policy is more limited than it really is which would not be conducive to a just disposition of the litigation.
Certainly no good reason can be advanced not to reveal the policy limits. The fiction that the law maintains that the insured is the real party in interest at the trial of the underlying negligence action is only to protect the insurance company against overly sympathetic juries. (Leotta v. Plessinger, 8 N Y 2d 449, 461-462.) The reason for the fiction does not exist at the pretrial stage of the litigation.
Since Seider v. Roth (17 N Y 2d 111) the courts have recognized discovery of the insurance policy on an in rem basis. It is now time under the liberal pretrial procedures urged in Allen v. Crowell-Collier Pub. Co. (supra) to permit discovery of the insurance policy where in personam jurisdiction is obtained.
Gold v. Jacobi (52 Misc 2d 491), cited by the movant herein, is no longer the approach to use as it is not in line with the liberal trend in the field of disclosure adopted by Allen v. Crowell-Collier Pub. Co. (supra).
Accordingly, defendant’s motion for a protective order to vacate the notice of discovery and inspection is denied.