John W. Sweeny, J.
The court recalls its decision of February 14, 1972 which granted the defendant’s motion which was submitted without opposition. Since the court is now satisfied that opposing papers were properly served upon the movant and apparently sent to the court clerk, although never received, it will reconsider the motion.
In this negligence action for property damage, defendant moves for a protective order subsequent to receipt of plaintiff’s notice to produce “ any and all policies of insurance ” covering defendant for breach of warranty and negligence.
Defendant submits and plaintiff does not contradict the fact that the issue of insurance is not relevant to any issue involved in this action. The plaintiff seeks discovery of the amount of insurance coverage in order to adjust his settlement strategy accordingly and submits that the broad interpretation of the words ‘ ‘ material and necessary ’ ’ established by the Court of Appeals in Allen v. Crowell-Coilier Pub. Co., 21 N Y 2d 403, enlarged the scope of CPLR 3101 to encompass such disclosure.
*696 The court believes that the Court of Appeals in Allen (supra), although declaring that a liberal policy of disclosure should prevail, did not intend to broaden the scope of disclosure provided by CPLR 3101 to include nonevidentiary matters which are immaterial and unnecessary. CPLR 3101 very clearly provides for “disclosure of all evidence material and necessary in the prosecution or defense of an action” (italics added). To read CPLR 3101 as permitting disclosure of insurance coverage would be more a rewriting than a liberal interpretation of the statute.
In the wake of Seider v. Both (17 N Y 2d 111) insurance coverage may become material and necessary as the basis for in rem jurisdiction and then it is necessarily encompassed by CPLR 3101 (cf. Tickel v. Oddo, 66 Misc 2d 386; Matter of Day v. State Farm Mut. Ins. Co., 63 Misc 2d 497). However, we are not presented with the in rem jurisdictional situation in the instant case.
The court believes that the rationale of Gold v. Jacobi (52 Misc 2d 491), as well as the statute itself, is still compelling reason for denying discovery of insurance coverage. It is the Legislature’s function to expand pretrial discovery to include nonevidentiary matters. The court notes that rule 26 (subd. [b], par. [2]) of the Federal Rules of Civil Procedure has recently been amended to specifically provide for the disclosure sought by the plaintiff. An amendment to the CPLR, rather than a judiciary rewriting, is apparently called for.
Accordingly, defendant’s motion is granted.