Nathaniel T. Helman, J.
Motion by defendants for an order vacating the notice of discovery and inspection requiring the defendants to produce the automobile liability insurance policy issued to defendant David Maxwell is granted. Defendants have refused to divulge to plaintiffs their policy limits, claiming that such information was neither material nor necessary in the prosecution of the action.
The court is cognizant of the fact that some recent holdings in the Federal court, as well as the decision of Special Term in State of New York Nat. Bank v. Gregorio (68 Misc 2d 926 [1971] ) authorized such discovery on the basis of a liberal interpretation of existing disclosure rules. A prior decision in Gold v. Jacobi (52 Misc 2d 491 [1966]) had clearly held that plaintiffs, in an automobile negligence case, were not entitled to discovery of defendant’s liability policy for the stated purpose of ascertaining policy limits in- order that settlement might be discussed with such limits in mind. The court, in the later State of New York Nat. Bank case, considered the Gold decision, but expressed interest in the intervening holding of the Court of Appeals in Allen v. Crowell-Collier Pub. Co. (21 N Y 2d 403) to the effect that the meaning of the words “ material and necessary ” was to be broadened and liberalized, so as to make the test one of “ usefulness and reason ”.
Granted that disclosure of policy limited in pretrial proceedings would not conflict with the rigid rule that plaintiff may not, upon the trial, directly or indirectly, intimate that defendant carries liability insurance, there still remains the question whether such evidence is material and necessary to the presentation of evidence at the trial, or to -secure information as to where such evidence may be found. It was pointed out by my learned colleague, Mr. Justice Loreto, in the Gold v. Jacobi case (supra), that when the CPLR was enacted, a more restrictive approach to *499 pretrial procedures than that employed in the Federal court, was adopted after much discussion (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101 et seq.). The fact is that recent Federal decisions, on the basis of more liberal standards under Federal rules have been far from unanimous on the subject. There is ah equal division of opinion in the many District Courts that have reviewed the subject, and in two districts Judges have reached divergent results.
Notwithstanding this court’s natural interest in providing means for accelerating the disposition of cases, one cannot overlook the fact that information concerning policy limits is irrelevant to the issues involved in a litigation. It is no different from an inquiry into other assets of defendant at a time when plaintiff is not a judgment creditor. The court should also respect the defendant’s right to privacy concerning the amount of insurance he has acquired for his vehicle. Experience has shown that carriers are not hesitant to disclose policy figures to the court confidentially, and frequently such information is used for the purpose of effecting dispositions. When no compromise is possible, the court often finds no justification for making the disclosure to the plaintiff. Opening the door to this type of discovery in every case may well provide information which could, in some instances, stimulate litigious activities not previously contemplated. In all, the subject of extending discovery under the OPLE beyond the issues involved in a litigation, should be left to legislative hands. The motion is granted.