Coos, Dec. 5, 1950. } No. 3959.

PAGE SEED CO. *v.* CITY HARDWARE STORE.

AMERICAN BRUSH CO. *v.* SAME.

THE RODLEY CO. *v.* SAME.

*Edgar M. Bowker*, for the plaintiffs, furnished no brief.

*Paul A. Toussaint*, assignee, *pro se*, furnished no brief.

DUNCAN, J. No error is apparent in the rulings to which exceptions were taken. The attachments as returned by the sheriff were of "all the chattels and personal property of every nature and description belonging to [the defendant] and located in the brick building situate at the corner of Pleasant & Mechanic Streets in Berlin, New Hampshire." According to the findings, the defendant hardware company closed its doors on Christmas, 1949. When the attachments were made its store was still closed and it was unoccupied and the doors locked. The sheriff effected no entry and attempted none, but attached a new hasp to each of the three locked doors and locked each with a padlock, the key to which he retained. Subject to exception the Court ruled that since the sheriff might lawfully have broken in to take possession of the goods, the "exclusive possession and control" which he obtained and retained by means of the locks was sufficient to constitute a valid attachment.

It is established law in this jurisdiction that "to constitute a valid attachment of personal property, it must be taken into the possession or be placed under the control of the officer." *Johnson* v. *Farr*, 60 N. H. 426, 427. In *Huntington* v. *Blaisdell*, 2 N. H. 317, it was held that a valid attachment of furniture in a dwelling house was made where the officer gave notice of the attachment and had "laid his hands" on some of the goods. The validity of the attachment was said to arise from the fact that the entire contents came under his control. See also, *Odiorne* v. *Colley*, 2 N. H. 66; *Dunklee* v. *Fales*, 5 N. H. 527.

In *Swain* v. *Mizner*, 8 Gray (Mass.) 182, and *Ilsley* v. *Nichols*, 12 Pick. (Mass.) 270, it was held that an officer is without right to break into a dwelling house for the purpose of making an attachment. See *Closson* v. *Morrison*, 47 N. H. 482. But where a shop or store is involved, the officer may enter by force if permission has been refused and the attachment will be valid. *Platt* v. *Brown*, 16 Pick. (Mass.) 553; *Clark* v. *Wilson*, 14 R. I. 11; *Fullam* v. *Stearns*, 30 Vt. 443. In *Haggerty* v. *Wilber*, 16 Johns. (N. Y.) 286, 287, where a store was unoccupied, it was said: "There can be no doubt that the sheriff had authority to break open the store, and seize the goods."

We take it to be established therefore that the defendant's goods were in fact within the power of the officer, in the sense that they were

not inaccessible to him by reason of being locked up in a place where he could not lawfully reach them. *Cf. Huntington* v. *Blaisdell, supra.* Under our own decisions it was unnecessary for him to remove them. It was sufficient that they were "put out of the control of the debtor" (*Bryant* v. *Osgood,* 52 N. H. 182, 185), and placed and held under the control of the officer. *Odiorne* v. *Colley, supra; Johnson* v. *Farr, supra.* "[T]aking into actual custody a building, or the key of it, so as to have the whole contents under one's control, is a receipt, or taking of the whole." *Huntington* v. *Blaisdell, supra,* 318. But for the authority of the writ, the action of the sheriff was such an interference with the debtor's right of control as would have constituted a trespass. 4 Am. Jur. 879.

Although the Court made no express ruling on the subject, the intervenor excepted "to the . . . ruling that the Sheriff's returns . . . constitute a legal return of valid attachments." The returns were sufficient, within the requirements of our decisions. *Ela* v. *Shepard,* 32 N. H. 277, 282; *Clement* v. *Little,* 42 N. H. 563. The descriptions were not so inadequate as to "signify inability or failure to attach" (*Dupont* v. *Moore,* 86 N. H. 254, 257), and the particularity necessary to give notice of a bulky article attachment (*Bryant* v. *Osgood, supra*), was not required where actual control was retained by the sheriff.

*Exceptions overruled.*

All concurred.