PAULA HOROWITZ, Appellant, *v.* SABINA VARGA, Respondent.

First Department, May 9, 1961.

*Arnold Davis* of counsel (*Werner Galleski* with him on the brief; *Paul Neuberger,* attorney), for appellant.

*Nicholas R. Doman* of counsel (*Armand Gregoire,* attorney), for respondent.

*Per Curiam.*  Defendant, appearing specially, moved to vacate and set aside a warrant of attachment, including the levies, served upon two banks in which funds were deposited in the name of the estate of defendant's deceased husband, upon the ground that the court lacked jurisdiction because of plaintiff's failure to serve a copy of the warrant on the ancillary administrator, as required by subdivision 2 of section 917 of the Civil Practice Act.  Special Term, in view of the dispute as to whether the funds were owned by defendant, as claimed by plaintiff, or

by the estate, as claimed by defendant, referred the issue of ownership to an Official Referee. The Referee reported that he found ownership in the estate, and his report was confirmed in one branch of the order on appeal, and the motion in its branch seeking to vacate and set aside the warrant of attachment and levy was granted.

We need not reach the contention of plaintiff that the question as to whether title to the funds attached was in defendant or in the estate of her deceased husband can only be raised by affirmative defense in the defendant's answer and resolved upon the trial of the within action (*Stern Corp.* v. *Silverman,* 257 App. Div. 394; *Union Smoked Fish Co.* v. *Tillamook Bay Fish Co.,* 113 Misc. 360, affd. 195 App. Div. 893). Following the death of defendant's husband an ancillary administrator of his estate was appointed. He transferred the funds theretofore on deposit in the Manufacturers Trust Company to two other banks, opening both of these accounts in the name of the estate. The levies under the warrant of attachment were made upon the two banks holding accounts in the estate name.

No showing has been made that either of the banks thus served with copies of the warrant of attachment directed against the property of defendant knew or had reason to believe that the funds on deposit belonged or were owing to defendant, or that defendant had or claimed an interest in the funds (Civ. Prac. Act, § 917, subd. 2). Nor did any certificates specifying such property right or interest of defendant accompany the certified copies of the warrants served upon the banks, as provided in the above-cited statute. Under the circumstances, the levies made herein were defective and they, as well as the warrants of attachment, must be vacated. No proper levy having been made the plaintiff could not properly have served the nonresident defendant outside the country (Civ. Prac. Act, § 232, subd. 3). Thus, the purported service was of no force and effect. Inasmuch as service must be made or commenced within 30 days after the issuance of the warrant (Civ. Prac. Act, § 905), the failure to do so causes the warrant to fall (*Blossom* v. *Estes,* 84 N. Y. 614).

Accordingly, the order herein vacating the warrant of attachment and the levies and proceedings thereunder and dismissing the complaint for lack of jurisdiction is affirmed, on the facts, the law and in the exercise of discretion, with costs to defendant-respondent.

BOTEIN, P. J., RABIN, McNALLY and STEVENS, JJ., concur.

Order entered on February 27, 1961, vacating the warrant of attachment and the levies and proceedings thereunder and dismissing the complaint for lack of jurisdiction, unanimously affirmed, on the law, on the facts, and in the exercise of discretion, with $20 costs and disbursements to respondent.