■ SAM ROSENBAUM V. FIRST NATIONAL CITY BANK OF NEW YORK.— Motion for leave to reargue denied but motion for leave to appeal to the Court of Appeals granted. Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, Stevens and Eager, JJ.

■ MILTON OKEN et al., Copartners Doing Business as OKEN FABRICS, v. PECK & PECK, INC., et al.— Motion for leave to reargue denied, with $10 costs. Concur — Botein, P. J., Rabin, Valente, McNally and Eager, JJ.

■ PAULA HOROWITZ V. SABINA VARGA.— Motion for leave to reargue granted and upon reargument original decision adhered to, without costs. Our opinion of May 9, 1961 (*ante*, p. 171), which should be read in conjunction with this memorandum, was premised on the absence of a showing that the banks served with copies of the warrant of attachment knew or had reason to believe that the funds on deposit with them belonged or were owing to defendant, or that defendant had or claimed an interest in the funds (Civ. Prac. Act, § 917, subd. 2), nor was it shown that certificates specifying such property right or interest of defendant accompanied the copies of the warrants served upon the banks, as provided in the above-cited statute. It has now been shown that the copies of the warrant served on the banks bore the following specification: "Levy on bank accounts in the name of 'Estate of Andrija Varga' which accounts are either owned by defendant, Sabina Varga, or in which she has an interest, said accounts being located at the following banks: [names here omitted]." Accordingly, reargument is appropriate. The specification, however, is in the alternative on its face and required Special Term to ascertain which alternative was correct, not in order to determine title as between the estate and defendant but to find out what in fact had been levied on. For if the levies were on defendant's interest in the funds as an asset of the estate, they would have been ineffective since service of a copy of the warrant had not been made on the ancillary administrator of the estate as the above-cited statute requires. The reference was therefore appropriate. The confirmed finding of the Official Referee, which we accept, that the funds were part of the estate necessarily led to the determination by the court that the attempted levies were on defendant's interest in the estate, and therefore invalid. Concur — Botein, P. J., Rabin, McNally and Stevens, JJ.