## ACCIDENT INDEMNITY INSURANCE COMPANY v. ROBERT LEE JOHNSON.

### (Filed 6 May, 1964.)

**1. Courts § 14—**

An action instituted in a municipal-county court to recover a sum in excess of two thousand dollars must be instituted upon written pleadings as required in civil actions in the Superior Court, and while the matter is a question of procedure and not jurisdiction, such pleadings are prerequisite to the institution of such action, and in the absence of such pleadings defendant's motion to dismiss is properly allowed. G.S. 1-122, Rule 23 of the Municipal-County Court Act.

**2. Process § 9—**

A defendant is entitled to have an attachment dissolved if plaintiff fails to commence service by publication within 31 days after the issuance of the order of attachment, G.S. 1-440.7, and plaintiff must file the affidavit required by G.S. 1-98.

**3. Same—**

Service of process by publication is in derrogation of the common law and the statutory provisions must be strictly construed.

APPEAL by plaintiff from *Crissman, J.,* 21 October 1963 Civil Session, Greensboro Division, GUILFORD.

Plaintiff instituted this action in the Municipal - County Court, Greensboro, Guilford County, North Carolina, on 6 August 1963, by having issued a summons with no written pleadings, to recover the sum of $2,014.02 of the defendant, stated in the summons to be due by contract; and in an ancillary proceeding posted bond and attached two Cadillac automobiles. No process was personally served on the defendant and no service of process by publication has been commenced.

Defendant made a special appearance and moved to dismiss the action under Rule 23 of the Municipal-County Court Act, Chapter 971 of the 1955 Session Laws of North Carolina. The motion was allowed. Plaintiff appealed to the Superior Court of Guilford County and the order of the Municipal-County Court was affirmed. The plaintiff appeals to this Court, assigning error.

*Forman, Zuckerman & Scheer for plaintiff appellant.*
*Alston & Price for defendant appellee.*

DENNY, C.J. The motion to dismiss allowed in the Municipal-County Court of Guilford County and affirmed upon appeal to the Superior Court of said county, was based upon Rule 23 of Chapter 971

of the 1955 Session Laws of North Carolina, which in pertinent part reads as follows: "Unless ordered by the judge, and except in cases where the plaintiff, as hereinafter provided, elects to file or is required to file a written complaint, it shall not be necessary to file written pleadings in any action in the court. Where an action is started without the filing of a written complaint, the summons shall state briefly the nature of the cause of action in which the same is issued and the amount sought to be recovered. No action shall be dismissed for failure of the summons to state the cause of action sufficiently; provided that the judge may require the plaintiff to restate the cause of action, or the judge, in his discretion, may order written pleadings to be filed in any action. * * * (W)here the sum sought to be recovered, exclusive of interest, or the stated value of the property sought to be recovered exceeds two thousand dollars ($2,000.00), * * * such actions cannot be instituted except upon written pleadings, and shall be subject to and governed by laws and rules applicable to actions in the Superior Court * * *."

As we construe this Rule, it simply means that when the plaintiff seeks to recover a sum in excess of $2,000.00 in the Municipal-County Court of Guilford County, such action cannot be instituted except upon written pleadings as required in civil actions in the Superior Court by G.S. 1-122. This being so, such pleadings are a prerequisite to the institution of such an action in the Municipal-County Court of Guilford County. It is not a question of jurisdiction but one of procedure.

Furthermore, irrespective of the provisions of Rule 23, the defendant was entitled to an order (if he had requested it) dissolving the attachment for failure to commence service by publication within 31 days after the issuance of the order of attachment. G.S. 1-440.7. The order of attachment was issued on 6 August 1963, while the order dismissing the action, pursuant to the provisions of Rule 23, was not entered until 25 September 1963, 50 days later; and neither at that time nor since does the record disclose any effort to obtain service by publication. No affidavit has been filed, as required by G.S. 1-98, nor has there been any request for an extension of time in which to procure such service. The service of process by publication is in derogation of the common law, and the statute making provision therefor must be strictly construed. *Com'rs. of Roxboro v. Bumpass,* 233 N.C. 190, 63 S.E. 2d 144, and cited cases.

The order entered below will be upheld.

Affirmed.