Chief Judge Desmond.
Plaintiffs, who have a $40,000 judgment against defendant for personal injuries caused by the latter’s negligence, are appealing by our leave from the Appellate Division’s unanimous affirmance of an order which vacated the judgment insofar as it ran against defendant personally. Both courts below declared the judgment to be one in rem only. The effect of the order was to hold that the judgment is collectible to the extent only of $22.70 which amount, owing to defendant by his employer, had been attached on motion of plaintiffs in connection with and after service on defendant by publication of the summons in this action. Twenty-two dollars and seventy cents was the amount of wages owing to defendant from a school in Westchester County where he had been employed.
Defendant failed to put in a notice of appearance or to serve an answer in the action and defaulted at the trial. An inquest was taken and the $40,000 judgment entered on a jury’s assess *300 ment of damages. An attorney retained by defendant’s automobile liability insurer then appeared specially in the action and made the motion which resulted in the order here appealed from. The only question is as to whether the applicable New York statutes limit a judgment so obtained to in rem effect or whether these statutes permit and authorize a conventional judgment in personam for the amount of the verdict. The pertinent facts and dates are these (Civ. Prac. Act was in effect, not CPLR):
May 8,1959 — defendant, living at and employed at a boarding school in Westchester County, New York, drove his automobile so negligently as to collide with the automobile in which plaintiffs were riding, causing them serious injuries. He was charged with reckless driving and a warrant for his arrest was issued but police officers, Motor Vehicle Bureau officials, process servers and defendant’s liability insurers have been unable to locate him.
June 14, 1961 — the Appellate Division, on motion of defendant’s liability insurer appearing specially, vacated an attempted service of the summons and complaint on the Secretary of State and by mailing to defendant pursuant to sections 253 and 254 of the Vehicle and Traffic Law, on the ground that it did not appear that the defendant was then residing at the Westchester County school to which the summons had been mailed (13 A D 2d 993).
February 8,1962 — pursuant to a warrant of attachment issued a few days earlier the Sheriff of Westchester County made a levy of attachment against $22.70 owed by the school as wages to defendant.
February 16,1962—order made and entered in this action authorizing service of the summons upon defendant, as a resident of this State who could not be found within the State and who was avoiding service of process, etc., by publication in two Westchester County newspapers all as provided by subdivision 3 of section 232 and subdivision 7 of section 232-a of the Civil Practice Act. Publications were made as directed.
December 17,1962—by motion of the liability insurer a Sheriff’s levy was vacated as to a purported attachment of the insurance policy itself on the ground that the Sheriff had not taken-possession of the policy as required by statute (18 A D 2d 689).
April 10, 1963 — on defendant’s default as to appearance or answer, an assessment of damages was held before a court and jury resulting in verdicts for plaintiffs totaling $40,000. Before *301 this inquest plaintiffs had notified the attorney who had previously appeared specially for the insurance company of their intention to take proof on default, but the attorney declined to appear.
April 16,1963 — judgment for plaintiffs against defendant for $40,835.87 entered in the Westchester County Clerk’s office.
April 22, 1963 — on motion of the insurer’s attorney (again appearing specially) a motion was made in the name of defendant to vacate the above-described judgment insofar as it was in personam and to hold it to be a judgment in rem only against the moneys attached, which motion was granted by the affirmed order here appealed from.
The attachment of defendant’s unpaid wages and the subsequent order for publication and a service of the summons by publication were in compliance with the applicable statutes and valid. It seems equally clear that such service on a resident of the State who keeps himself concealed to avoid direct personal service of a summons (Civ. Prac. Act, § 232-a, subd. 7) is sufficient predicate for a conventional judgment in personam and not merely for a judgment in rem collectible under the attached property only. A statute applicable at the time of the entry of this judgment was section 645 of the former Civil Practice Act which was in full as follows:
“ § 645. Requisites of execution where warrant of attachment levied. Where a warrant of attachment issued in the action has been levied by the sheriff, the execution must substantially require the sheriff to satisfy the judgment, as follows:
‘11. Where the judgment-debtor is a non-resident, or a foreign corporation, and the summons was served upon him or it, without the state, or otherwise than personally, pursuant to an order obtained for that purpose, and the judgment debtor has not appeared in the action; out of the personal property attached, and, if that is insufficient, out of the real property attached.
“2. In any other case, out of the personal property attached; and, if that is insufficient, out of the other personal property of the judgment debtor; if both are insufficient, out of the real property attached; and, if that is insufficient, out of the real property belonging to him at the time when the judgment was docketed in the clerk’s office of the county or at any time thereafter.”
*302 Subdivision 1 of section 645 was not applicable since it referred to nonresidents. The part of section 645 applicable to any case where a warrant of attachment has been levied against the property of a resident was subdivision 2 which authorized collection of a judgment out of any personal or real property of a debtor, and provided for the sequence in which various items or kinds of property were to be used. Subdivision 2 necessarily meant that as to a resident on whom service has been gotten by attachment and publication (as distinguished from nonresidents dealt with in subdivision 1) the judgment rendered after inquest would be a personal judgment, not a judgment in rem.
The Appellate Division thought otherwise and held that even as to an absent resident ‘ ‘ The statutory requirement of levy under a warrant of attachment serves * * * to limit satisfaction of the judgment to the attached property, as in the case of a nonresident.” The then applicable statute itself (former Civ. Prac. Act, § 645, subd. 2) was directly to the contrary of that. The Appellate Division as its reason for construction stated: “ Otherwise there would be no reason for the attachment as a prerequisite to an order for service by publication.” In other words, the court thought that the requirement, as to a resident who makes himself scarce, that there first be an attachment of found property before service by publication necessarily meant that the judgment rendered on such service would be collected only on the attached property. We disagree. The requirement that there be an attachment, before service could be made by publication on a resident, represented an effort by the Legislature to provide a form of substituted service ‘ ‘ reasonably calculated to give him (defendant) actual notice of the proceedings and an opportunity to be heard ” (see Milliken v. Meyer, 311 U. S. 457, 463). The Milliken case laid it down that as to a resident (as distinguished from a nonresident): “ Domicile in the state is alone sufficient to bring an absent defendant within the reach of the state’s jurisdiction for purposes of a personal judgment by means of appropriate substituted service ” (311 U. S., p. 462 [1940]). The Millihen opinion left no doubt that the traditional constitutional limitations on acquiring in persionam jurisdiction over a nonresident (Pennoyer v. Neff, 95 U. S. 714) were in no way applicable in the case of a resident and that as to a resident a State could validly provide such form of *303 substituted service as is reasonably calculated to give the defendant notice of the proceedings. Such a method of substituted service was used here.
New York legislative and judicial history confirms the idea that attachment-plus-publications procedures in New York in the case of a resident produced a judgment in personam, not a judgment in rem. Prior to 1920 there was not included in the statutory requirements for service by publication on an absent resident a prior levy by attachment (Nichols v. Howell, 116 Misc. 340, 345, 346). With the statute in that earlier form Place v. Riley (32 Hun 17, affd. 98 N. Y. 1) held that, as to a resident in hiding who had been served by publication and where there had been an attachment, the execution after judgment could reach all the debtor’s property and not merely the property attached (see 98 N. Y., pp. 4, 5, supra). The statute there construed was section 1370 of the Code of Civil Procedure, which (so far as we are now concerned) contained the same provisions as subdivision 2 of section 645 of the Civil Practice Act which we here construe as having authorized a full and personal judgment. A 1920 amendment to section 438 of the then Code of Civil Procedure (predecessor of Civ. Prac. Act, § 232) first introduced the requirement for a prior levy of attachment in the case of service by publication upon a nonresident. However, this additional requirement was not necessitated :by any constitutional requirement but was inserted for the purpose of giving better notice to the defendant—surely not to limit the effect of a judgment obtained after service by publication (see Soemann v. Carr, 8 A D 2d 489, 492). The Soemann opinion, citing Milliken v. Meyer (311 U. S. 457, supra), remarked that as to a resident who cannot be located for personal service “the courts of this State may assert plenary jurisdiction upon the basis of any form of authorized constructive service ”. Accordingly, the former State Judicial Council in two of its annual reports (Ninth Report [1943], p. 345; Eleventh Report [1945], p. 197) recommended that the requirement for an attachment where service is made by publication be eliminated as to residents served by publication and nonresidents served personally without the State. However, these proposals did not become law. Chapter 144 of the Laws of 1946, which did go into effect and amended section 232 and added sections 232-a and 232-b of the old Civil Practice *304 Act, retained the provisions requiring a prior attachment of a resident’s property as a precondition for an order or service by publication. The situation as to residents served by publication was thus left as changed in 1920 (L. 1920, ch. 478; Civ. Prac. Act, §§ 232, 232-a), that is, for a valid service by publication on an absconding resident there first had to be an attachment of that defendant’s property within the State but the resulting judgment could be collected out of any of his property subject to the order of use of various kinds of property as described in subdivision 2 of section 645 of the Civil Practice Act (supra). At page 215 of Volume 3 of Carmody-Wait Cyclopedia of New York Practice there seems to be an expression of doubt as to whether publication-cum-attachment ever produces in personam jurisdiction. However, at page 631 of Volume 7 of the same Cyclopedia, the author distinguishes the two subdivisions of section 645 of the former Civil Practice Act just as we have herein and states that, while such service on a nonresident means that only the attached property is subject to execution levy, “It is otherwise if jurisdiction in personam is obtained”, citing subdivision 2 of section 645 of the Civil Practice Act.
Wé are not construing new CPLE in these respects since CPLE was not applicable here.
The order appealed from should be reversed, with costs in all courts, and the judgment reinstated as a personal judgment.
Judges Dye, Van Vooehis, Burke, Scileppi and Bergan concur with Chief Judge Desmond ; Judge Fuld concurs in result.
Order reversed, with costs in all courts, and the case remitted to Special Term for further proceedings in accordance with the opinion herein.