**Augusto RIVERA, Plaintiff,**

v.

**NEW JERSEY BELL TELEPHONE COMPANY et al., Defendants.**

**Civ. A. No. 71 C 1663.**

United States District Court,
E. D. New York.

May 26, 1972.

Bernard H. Mazur, New York City, for plaintiff.

Leahey & Johnson by Asher Marcus, New York City, for defendants Santoro.

MEMORANDUM AND ORDER

NEAHER, District Judge.

In this personal injury action commenced in this court on diversity grounds, defendants Richard J. Santoro and Lucretia Santoro move pursuant to Rule 12(b) (2), F.R.Civ.P., to dismiss the complaint on the ground that the

court lacks personal jurisdiction over them.

The complaint alleges that plaintiff, a New York resident, sustained personal injuries when a motor vehicle, owned by New Jersey Bell Telephone Company,[1] driven by its employee, defendant Thessolin Fontaine, "came in contact" with another motor vehicle, owned and operated by the Santoro defendants, in which plaintiff was a passenger. The alleged accident occurred on the Newark Turnpike in Kearney, New Jersey, on or about December 28, 1968, both motor vehicles are registered in New Jersey, and all defendants reside in New Jersey.

Service of summons and a copy of the complaint was personally made upon the Santoro defendants at their place of residence in Jersey City, New Jersey. Since plaintiff's claim is based upon an alleged tortious act committed in New Jersey, and no federal statute authorizes extraterritorial service of process in this case, authority for such must be found in state statute or rule of court. Rule 4(e) (2), F.R.Civ.P.

"In this motion to dismiss for lack of personal jurisdiction it is the plaintiff who shoulders the burden of proof, by a preponderance of the evidence . . . . The mere averment of jurisdiction does not establish it." Leasco Data Processing Equipment Corp. v. Maxwell, 319 F. Supp. 1256, 1260 (S.D.N.Y.1970).

■ In his affidavit in opposition to this motion, plaintiff's sole basis for asserting jurisdiction over defendants is the legal contention that they "would be subject to the jurisdiction of the Courts of the State of New York under the authority of Seider v. Roth, [17 N.Y.2d 111] 269 N.Y.S.2d 99 [216 N.E.2d 312] (Ct.App.1966)," and so too must be "subject to the jurisdiction of the Fed-eral Courts sitting within the State of New York." The difficulty with plaintiff's contention is the complete absence of any showing that service of process was preceded by the attachment of any property or debt owing to defendants within New York which would provide the basis for the in rem jurisdiction recognized in Seider v. Roth, *supra*. For this reason the attempted service of process on defendants in New Jersey was nugatory and their motion is granted to the extent of quashing such service.

■ It does not follow that the complaint must be dismissed. Under federal procedure a complaint must first be filed before service of process can be effected. By reason of the instant ruling the status of the action as commenced is not affected. If, as plaintiff apparently believes, there is or was an insurance contract issued to the Santoro defendants by a carrier doing business in New York which created a "debt" here at the time of the accident under the Seider v. Roth doctrine, it is still open to plaintiff to attempt to acquire in rem jurisdiction over defendants by complying with amended Rule 4(e) (2), F.R.Civ.P. See Notes of the Advisory Committee on Rules, Rule 4(e) (2); Moore's Federal Practice, ¶ 4.32[2], p. 1236; and Minichiello v. Rosenberg, 410 F.2d 106 (2 Cir. 1968), cert. denied 396 U.S. 844, 90 S.Ct. 69, 24 L.Ed.2d 94 (1969), rehearing denied 396 U.S. 949, 90 S.Ct. 370, 24 L.Ed.2d 254 (1969). See also J. Weinstein, H. Korn & A. Miller, New York Civil Practice, ¶ 314.18.

Accordingly, defendants' motion is granted to the extent of quashing the service of process upon them and in other respects denied without prejudice.

So ordered.

1. In a Memorandum Order dated April 12, 1972, the action against New Jersey Bell Telephone Company was dismissed for lack of personal jurisdiction over that defendant. 340 F.Supp. 660 (E.D.N.Y. 1972).