James H. ¡Boomer, J.
In this action against a nonresident to recover damages for personal injuries received in an out-of-State automobile accident, the plaintiff attempted to obtain jurisdiction by attaching the insurance policy in the State of New York. Service of the summons was made out of the State on the defendant more than 60 days iafter the granting of the order of attachment. No application was made within the 60-day period for an extension of time to serve the summons.
CPLR 6213 clearly states that “An order of attachment granted before an action is commenced is valid only if, ¡within sixty days after the order is granted, a summons is served upon the defendant or first publication of- the summons against the defendant is made pursuant to an order and publication is subsequently completed ’ ’. The court is authorized upon good cause shown to extend the time of service, not exceeding 60 days “provided that the application for extension is made before the expiration of the time fixed.” The court has no authority to extend the time for service on an application made after the 60-day period or to extend the time beyond 120 days after the granting of the order of attachment.
Failure to comply with the requirement of CPLR 6213 concerning the time of service of the summons is a jurisdictional defect which cannot be cured by the court. See cases cited in Caton v. Caton (72 Misc 2d 544). See, further, Brandow v. Murray & Tregurtha Corp. (203 App. Div. 47); Friedman v. Prescetti (199 App. Div. 385), and Groom v. Jarboe (188 Misc. 808).
Failure to serve the summons within 60 days not only requires vacation of- the order of attachment but also the setting aside of the service of the summons. “ If no jurisdiction is acquired within the time specified, the order of attachment becomes void, and any levy thereunder will also collapse. If the levy is essential to jurisdiction, as it would be where service is made *132 on a non-domicilary outside the state who is not subject to personal jurisdiction in New ¡York, the vacation of the levy would also require that service be set aside.” (Joseph M. McLaughlin, 1964 Supplementary Practice Commentary to McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 6213 [1973-1974 Pocket Part, p. 33].)
The motion to set aside service of the summons is granted and the action ¡is'dismissed for lack of jurisdiction.