Rockingham
No. 7286

MAINE NATIONAL BANK

v.

JASON B. BAKER

March 31, 1976

*Flynn, Powell, McGuirk & Blanchard* and *Stephen L. Tober (Mr. Tober* orally) for the plaintiff.

*Taylor & Gray,* for the defendant, filed no brief.

DUNCAN, J.  The plaintiff excepted to orders denying its motion to amend a writ of attachment authorized *ex parte* on Decem-

ber 19, 1974, pursuant to RSA 511-A:8 (Supp. 1975) governing *ex parte* attachments. The issues of law presented by the plaintiff's exceptions were reserved and transferred by *Cann*, J.

According to the petition for attachment, the defendant executed a promissory note, on July 26, 1974, in favor of the plaintiff in the sum of $2,000. The note evidenced a loan in like amount and was payable on demand thirty days from date. The petition recited that in accordance with the terms of the note the plaintiff made demand for payment, but that the defendant refused to comply.

The petition further alleged that in August 1974, the defendant endorsed and presented three checks totalling $2,300 which the plaintiff paid; that the checks, drawn by defendant's wife on her account in a Massachusetts bank, were later dishonored; and that the defendant failed to honor his endorsement to the plaintiff.

By its petition the bank sought leave to make a possessory attachment of a 1971 Ford Galaxie automobile owned by the defendant. Upon its representation that there was no other available property by which to secure any judgment, and that there was substantial likelihood that the vehicle would be removed from the jurisdiction, the plaintiff's petition was granted on December 19, 1974, by *Loughlin*, J. RSA 511-A:8 I (Supp. 1975). The order stipulated that the plaintiff "shall complete service on the defendant within 10 days". However, neither possession of the vehicle nor completion of service was achieved until January 13, 1975.

Pursuant to his right to contest the attachment, the defendant moved to have it dissolved. RSA 511-A:8 V (Supp. 1975). Simultaneously, the plaintiff moved that the "writ ... be amended to make good service". After hearing, the plaintiff's motion was denied and the attachment discharged, on January 30, 1975, by *Cann*, J. Thereafter the plaintiff's motion for leave to make a bulky article attachment under RSA 511:23 was granted by *Cann*, J., and its motion for an order that the defendant produce the automobile for attachment was granted by *Douglas*, J. Finally, on June 4, 1975, summary judgment for the plaintiff in the sum of $4,412 was entered by *Cann*, J.

The remedy of attachment is in derogation of the common law and failure to conform to prescribed procedures may invalidate the attachment. *Rogers v. Elliott*, 59 N.H. 201 (1879); *Jayne v. Peck*, 115 Col. 513, 395 P.2d 603 (1964). Furthermore, in light of recent decisions of the United States Supreme Court, the validity of *ex parte* attachments is limited *(Sniadach v. Family Finance Corp.*, 395

U.S. 337 (1969); *Fuentes v. Shevin,* 407 U.S. 67 (1972)), and requirements imposed for early hearing are to be strictly observed. *See also Mitchell v. W.T. Grant Co.,* 416 U.S. 600 (1974).

The statute under which the present attachment was sought limits attachments in advance of hearing to cases of "exceptional circumstances", and further provides in part: "In all cases of attachment made ex parte the court may impose reasonable conditions thereon and a hearing shall be granted as promptly as possible upon the subsequent request of a defendant". RSA 511-A:8 V (Supp. 1975). The evidence at the hearing which preceded discharge of the attachment related primarily to the manner in which possession was finally obtained by the sheriff, which was not a controlling issue. *See Page Seed Co. v. City Hardware Store,* 96 N.H. 359, 77 A.2d 35 (1950). However, the trial court could properly discharge the attachment for failure to comply with the time limit imposed for the benefit of the defendant, who was accorded no hearing before attachment. RSA 511-A:1 (Supp. 1975). Under the circumstances disclosed by the record, refusal to permit either the requested amendment, or modification of the order of December 19, 1974, was justified. *Accident Indem. Ins. Co. v. Johnson,* 261 N.C. 778, 136 S.E.2d 95 (1964); *Robinson v. Robinson,* 10 N.C. App. 463, 179 S.E.2d 144 (1971); *Galbraith v. Yancik,* 77 Misc. 2d 130, 353 N.Y.S.2d 134 (Sup. Ct. 1974). Obviously the attachment when made was a "taking of a significant property interest" which the order of December 19, 1974, did not authorize. *See In re The Oronoka,* 393 F. Supp. 1311, 1316-17 (D. Me. 1975).

*Plaintiff's exceptions overruled.*

All concurred.