■ MICHAEL DURGIN, Respondent, v LUCILLE BURNETTE, Appellant.— Order unanimously reversed, without costs, motion granted and complaint dismissed. Memorandum: Defendant appeals from denial of her motion to

dismiss the complaint on the ground of *forum non conveniens* "and for such other relief as the Court may deem just and proper." The action is for damages for personal injuries suffered by plaintiff in a collision in the State of Michigan in December, 1973 between an automobile operated by plaintiff and one operated by defendant. Plaintiff then resided in New Hampshire and worked in Michigan. Defendant resided in Michigan. Plaintiff was treated in a hospital in Erie County for a period of two or three weeks in the summer of 1974. While in that county he instituted this action, alleging that he was a resident of New York, and obtained quasi in rem jurisdiction of defendant by securing an order of attachment of defendant's automobile insurance policy, issued by a company doing business in New York, under the principle established in *Seider v Roth* (17 NY2d 111). Defendant answered by denying knowledge as to plaintiff's residence and interposed the affirmative defense that defendant is not a resident of New York and that, therefore, plaintiff has not obtained personal jurisdiction of her. A year later defendant made the above motion, setting forth the fact that plaintiff at no time has been a resident of New York. Nevertheless, defendant did not address her motion to the pleadings and the lack of jurisdiction, but only asked the court to decline to take jurisdiction of the case under the doctrine of *forum non conveniens*. That doctrine requires the court to determine which jurisdiction will best serve the ends of justice, including the convenience of witnesses and parties (see *Silver v Great Amer. Ins. Co.,* 29 NY2d 356). The papers in support of and in opposition to the motion gave the court little help in deciding that question; and apparently Special Term was moved principally by defendant's failure to make her motion earlier. In light of the answer, raising the issue of plaintiff's residence, and since it is now disputed that plaintiff has had no connection with New York except for having been in a hospital here for two or three weeks, it is clear that no proper jurisdiction of defendant was obtained in New York. Quasi in rem jurisdiction of defendant under an order of attachment of an automobile insurance policy of a nonresident insured rests upon New York's policy to protect its own residents (see *Seligman v Tucker,* 46 AD2d 402, 405-409, mot for lv to app den 36 NY2d 921), and in the absence of such State interest, that is, where a plaintiff is a nonresident, the doctrine is not applicable, and indeed, would probably be found to be unconstitutional if so applied (see *Seligman v Tucker, supra).* In these circumstances it would be wasteful of the time of counsel and the courts to permit this case to proceed further in the courts of New York. Accordingly we reverse the order and grant the motion to dismiss, both on the ground of *forum non conveniens* and for lack of jurisdiction. (Appeal from order of Erie Supreme Court—dismiss complaint.) Present—Marsh, P. J., Cardamone, Simons, Goldman, and Witmer, JJ.