**Michael H. FISH, Plaintiff,**

v.

**BAMBY BAKERS, INC. and Thomas H. Price, Defendants.**

**No. 76–CV–289.**

United States District Court, N. D. New York.

Nov. 8, 1977.

Fuchsberg & Fuchsberg, New York City, for plaintiff; Cyrus M. Diamond, New York City, of counsel.

Smith, Sovik, Kendrick, McAuliffe & Schwarzer, P. C., Syracuse, N. Y., for defendants; Laurence F. Sovik, Syracuse, N. Y., of counsel.

## MEMORANDUM–DECISION AND ORDER

MUNSON, District Judge.

This is an action brought against Bamby Bakers, Inc., a North Carolina corporation, and Thomas H. Price, a resident and citizen of North Carolina, to recover damages for personal injuries allegedly sustained by the plaintiff as a result of a motor vehicle accident which occurred on December 27, 1974, in Monroe, North Carolina. Relying upon *Seider v. Roth*, 17 N.Y.2d 111, 269 N.Y.S.2d 99, 216 N.E.2d 312 (1966), plaintiff claims to have obtained *in rem* jurisdiction over the defendants by attaching the contractual obligation of defendant's insurance carrier to defend and indemnify said defendants.

After serving their Answer, defendants made a motion, pursuant to 28 U.S.C. § 1404(a), to change the venue of this action to the Western District of North Carolina. Before the Court had rendered a decision on this motion, defendants moved to dismiss the Complaint on the ground that the Court lacks jurisdiction over the defendants. This latter motion was prompted by the Supreme Court's recent decision in *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), which defendants argue has rendered jurisdiction purportedly acquired by *Seider* attachments to be unconstitutional. In addition to raising the constitutional argument, defendants contend that jurisdiction was not obtained over them because: (1) the plaintiff was not a resident of New York, as is required by *Seider*, and (2) the contractual obligation of defendants' insurance carrier was not levied upon until after the Summons and Complaint had been served upon the defendants.

The Court informed the parties that it regarded the jurisdictional issue as a threshold question that should be determined before the change of venue motion was decided. It, therefore, indicated that it would reserve decision on the change of venue motion until the jurisdictional question had been resolved.

First of all, the Court must determine whether defendants have properly pre-

served their jurisdictional objections. Under Rule 12(h), Fed.R.Civ.P., certain defenses will be waived unless they are raised by the defendant in its Answer or in a motion made before an Answer is served. In the present case, defendants did not make a motion before serving their Answer, but, instead, included a number of affirmative defenses in their Answer, one of which alleged that "this Court does not have jurisdiction over the persons of either defendant."[1] Plaintiff contends that defendants waived their objection to jurisdiction acquired by a *Seider* attachment because they did not specifically allege lack of *in rem* jurisdiction.

The Court observes that the only defenses which Rule 12(h)(1) specifically mentions as being waived if not included in the Answer or in a pre-Answer motion are lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process. However, the purpose behind Rule 12(h)(1)—to require the early assertion of all jurisdictional objections—would apply as well to objections directed to *in rem* or *quasi in rem* jurisdiction. Therefore, in order to avoid an unnecessary and apparently unintended gap in this rule, the Court believes that the phrase "lack of jurisdiction over the person" should be interpreted as broad enough to embrace a defense that a court lacks *in rem* or *quasi in rem* jurisdiction. *See* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1351, at 563 (1969).[2] Accordingly, the defendants in this case cannot be held to have waived a defense of lack of *in rem* jurisdiction when they used the specific language in Rule 12, which is properly regarded as encompassing this defense. The notion that a defense of lack of jurisdiction over the person includes a defense of lack of *in rem* jurisdiction is supported by the Supreme Court's recent decision in *Shaffer v. Heitner, supra*, in which the Court indicated that an assertion of jurisdiction over property really involves an assertion of jurisdiction over the interests of persons in that property. 97 S.Ct. at 2581, 2584.

It might be argued that defendants should also have alleged insufficiency of service of process as an affirmative defense, as well as lack of jurisdiction over the person. However, a challenge to jurisdiction over the person can be regarded as including a challenge to the method of service, since improper service will result in lack of jurisdiction over the person. For this reason, the defenses of lack of jurisdiction over the person and insufficiency of service of process are sometimes viewed as interchangeable for purposes of Rule 12. 5 C. Wright & A. Miller, *supra*, § 1351; *Sykes v. Beal*, 392 F.Supp. 1089 (D.Conn.1975); *Peterson v. Dickison*, 334 F.Supp. 551 (W.D. Pa.1971).

Thus, the Court holds that the defendants in the present case have properly preserved their jurisdictional objections. The Court will regard defendants' present motion as an application to the Court to hear the defense before trial under Rule 12(d).

Before determining whether it is constitutional to assert *in rem* jurisdiction over the defendants in this case, it is necessary to decide whether the proper procedures for obtaining *in rem* jurisdiction were followed and whether New York law permits such jurisdiction to be obtained in the circumstances of this case. Under Rule 4(e), Fed.R.Civ.P., which permits actions to be commenced in federal court by attachment, service is to be made "under the circumstances and in the manner" prescribed by statute or rule of court of the state where the federal court is sitting.

New York CPLR § 314 authorizes service to be made without the state in actions *in rem* or *quasi in rem*. This provision provides in relevant part:

the wording in question was adopted before Rule 4(e) was amended in 1963 to permit original *quasi in rem* actions to be brought in federal court. 5 C. Wright & A. Miller, *supra*, § 1351, at 563.

1. Also included in the Answer were affirmative defenses alleging improper venue and contributory negligence on the part of the plaintiff.

2. It has been suggested that the failure to include the defenses of lack of *in rem* or *quasi in rem* jurisdiction in Rule 12 reflects the fact that

Service may be made without the state by any person authorized by section 313 in the same manner as service is made within the state:

\* \* \* \* \* \*

3. where a levy upon property of the person to be served has been made within the state pursuant to an order of attachment or a chattel of such person has been seized in an action to recover a chattel.

By its terms, CPLR § 314 requires that the defendant's property be levied upon before service is effected. If service is attempted before a levy is made, the purported service is of no force or effect. This was the rule under the former Civil Practice Act. *Fishman v. Sanders*, 15 N.Y.2d 298, 302–04, 258 N.Y.S.2d 380, 384–85, 206 N.E.2d 326, 328–329 (1965); *Dimmerling v. Andrews*, 236 N.Y. 43, 139 N.E. 774 (1923); *Horowitz v. Varga*, 13 A.D.2d 171, 214 N.Y.S.2d 909, *opinion adhered to*, 13 A.D.2d 935, 217 N.Y.S.2d 503 (1st Dept. 1961). The language used in section 314 indicates that this is also the rule under the CPLR. McLaughlin, Practice Commentaries, McKinney's Cons. Laws of N.Y., Book 7B, CPLR § 314, at 309; 1 Weinstein, Korn & Miller, *New York Civil Practice* ¶ 314.18 (1970). *See also Rivera v. New Jersey Bell Telephone Co.*, 55 F.R.D. 166 (E.D.N.Y.1972).

In the present case, the levy was not made until after the purported service was effected. The Honorable James T. Foley signed an order of attachment on September 27, 1976, and defendants were subsequently served on November 3, 1976, and November 11, 1976. However, the contractual obligation of defendants' insurance carrier was not levied upon until November 17, 1976. Therefore, the purported service of process is void and must be quashed. The order of attachment must also be vacated, since New York law requires that

when an order of attachment is granted prior to service of a Summons, valid service must be made within sixty days after the order is granted. New York CPLR § 6213; *Galbraith v. Yancik*, 77 Misc.2d 130, 353 N.Y.S.2d 134 (S.Ct. Monroe Co. 1974); 7A Weinstein, Korn & Miller, *supra*, ¶ 6213.03.

Accordingly, *in rem* jurisdiction was never acquired in this case, and furthermore, the attempted service cannot form the basis for the acquisition of *in personam* jurisdiction since plaintiff admits that the named defendants do not have the requisite contacts with New York. While jurisdiction has not been obtained here, the Complaint should not be dismissed if the plaintiff can obtain jurisdiction by following the proper procedures. *Grammenos v. Lemos*, 457 F.2d 1067 (2d Cir. 1972); *Aquascutum of London, Inc. v. S. S. American Champion*, 426 F.2d 205 (2d Cir. 1970); *Sykes v. Beal, supra.* The Court will grant a new order of attachment and permit plaintiff to effect proper service if the Court decides that New York would permit *in rem* jurisdiction to be obtained in the circumstances of this case and if it decides that the assertion of such jurisdiction would be constitutional.

■ New York permits *in rem* jurisdiction to be obtained by a *Seider* attachment only if the plaintiff is a resident of New York. *Donawitz v. Danek*, 42 N.Y.2d 138, 397 N.Y.S.2d 592, 366 N.E.2d 253 (1977). The parties disagree as to the point in time when the plaintiff must be a New York State resident. Defendant argues that the crucial point in time is when the cause of action arose while plaintiff contends that the critical time is when the action was commenced. This Court believes that the New York courts would apply *Seider* only to plaintiffs who were residents of New York at the time that the cause of action arose.[3] First of all, the Court finds the

---

3. The Court is not aware of any New York cases which have directly considered this question. Two lower courts in New York were confronted with the question of whether the plaintiff in the particular case before the court was a New York resident for purposes of applying *Seider*, but neither court had to resolve the issue presented here. In *Durgin v. Bur-*

*nette*, 54 A.D.2d 1065, 388 N.Y.S.2d 766 (4th Dept. 1976), the court refused to apply *Seider*, finding that the plaintiff was not a resident of New York, since his only connection with this state was that he had stayed in a New York hospital for two or three weeks. In *Tickel v. Oddo*, 66 Misc.2d 386, 320 N.Y.S.2d 268 (S.Ct. Nassau Co. 1971), the court applied *Seider*

language used by the New York Court of Appeals in *Seider v. Roth* to be significant. The Court of Appeals did not expressly limit *Seider* to plaintiffs who were residents at the time of the accident, but in considering whether it was appropriate to adopt such a doctrine, it appears that the court had in mind individuals who resided in New York at the time of injury, for at one point, it stated, "there is no policy reason against requiring the insurer to come in to New York and defend as to an accident which occurred in Vermont *injuring New York residents.* . . ." 17 N.Y.2d at 114, 269 N.Y.S.2d at 102, 216 N.E.2d at 315 (emphasis added). Judge Burke, in his dissenting opinion in *Simpson v. Loehmann*, 21 N.Y.2d 305, 318, 287 N.Y.S.2d 633, 643, 234 N.E.2d 669, 676 (1967), *motion for reargument denied*, 21 N.Y.2d 990, 290 N.Y.S.2d 914, 238 N.E.2d 319 (1968), indicated that *Seider* might be read as requiring that the plaintiff be a New York resident at the time of the accident.

This Court believes that policy considerations would lead the New York courts to not apply *Seider* to plaintiffs who were nonresidents at the time of the accident, but who subsequently moved to New York. If New York were to apply *Seider* to all plaintiffs residing in New York at the time that they commenced an action, regardless of their residence at the time that the cause of action arose, this would encourage forum shopping, for some individuals with a personal injury cause of action might move to New York in hopes of securing a higher jury verdict. The possibility of forum shopping and the resulting increased burden on the New York courts was alluded to by Judge Breitel in his concurring opinion in *Simpson v. Loehmann, supra*, 21 N.Y.2d at 316, 287 N.Y.S.2d at 641, 234 N.E.2d at 674 and by the Second Department in *Vaage v. Lewis*, 29 A.D.2d 315, 288 N.Y.S.2d 521, 524 (2d Dept. 1968). *See also* Rosenberg, *One Procedural Genie Too Many or Putting*

*Seider Back into its Bottle*, 71 Col.L.Rev. 660, 671–72 (1971).

An additional reason why this Court believes that the New York courts would apply *Seider* only to New York residents at the time of the accident is that the majority opinion in *Donawitz v. Danek, supra*, appeared to indicate that a majority of the New York Court of Appeals was adhering to *Seider* primarily because of *stare decisis* and was unwilling to consider its extension beyond the type of fact situation where the doctrine had originally been applied.

Moreover, this Court observes that the Second Circuit has said that the constitutionality of *Seider* would be extremely doubtful if it were applied in favor of nonresident plaintiffs. *Farrell v. Piedmont Aviation, Inc.*, 411 F.2d 812, 816–17 (2d Cir. 1969), *cert. denied*, 396 U.S. 840, 90 S.Ct. 103, 24 L.Ed.2d 91 (1969); *Minichiello v. Rosenberg*, 410 F.2d 106, 109–10, *aff'd en banc*, 410 F.2d 117 (2d Cir. 1969), *cert. denied*, 396 U.S. 844, 90 S.Ct. 69, 24 L.Ed.2d 94 (1969). In *Farrell*, the Second Circuit upheld the district court's refusal to apply *Seider* where the plaintiffs were New York citizens who had been appointed as administrators of the estate of several nonresidents of New York who had been killed in an airplane crash in North Carolina. The court looked beyond the citizenship of the administrators and said that, in reality, the suit was by nonresidents against nonresidents on a cause of action arising in another state. In such circumstances, the court stated that New York lacked meaningful contact with the claim, and so an assertion of jurisdiction by a court in New York would be constitutionally suspect. While the court in *Farrell* did not address the question as to what point in time should be looked to for purposes of determining residency under *Seider*, the underlying rationale of this decision supports the view that the crucial point in time should be when the cause of action arose, since New York

---

where the plaintiff's intestate had been a member of the Air Force, stationed in New Hampshire at the time of the accident, but had resided in New York prior to his entry into the service. The court in *Tickel* applied the tradi-

tional principle that an individual does not lose or gain a residence by reason of entry into the military service and, therefore, found the plaintiff to have been a resident when the accident occurred.

would lack meaningful contact with the claim of an individual who was not a resident at the time of injury.

It is undisputed that the plaintiff in the present case was a resident of New York at the time that this lawsuit was commenced, but the parties disagree as to his residency at the time of the accident. Plaintiff claims that he was a resident of New York at that time, while defendants contend that he was a resident of North Carolina and had been one for a number of years. The Court feels that the present record is inadequate for it to determine this question. The affidavits bearing on this point are not sufficiently detailed. This may be due, in part, to the fact that the affidavits, now being relied upon, were originally submitted on the change of venue motion, and residence at the time the cause of action arose is only one of many relevant factors to be considered on a change of venue motion. However, a definite ruling now has to be made on the question of plaintiff's residence in December of 1974. It appears that a preliminary hearing will have to be held to resolve this matter. The Court schedules a hearing to be held on November 18, 1977, at 10:00 a. m. At that time, witnesses can be subpoenaed to testify, and depositions from any witnesses beyond the Court's subpoena power can be submitted. If the hearing date is inconvenient for counsel for either party, the Court should be so advised.

The Court believes that it would be inappropriate to rule on the continued constitutionality of *Seider v. Roth* until the question of plaintiff's residence has been resolved. It would be necessary to reach the constitutional question only if it is established that plaintiff was, in fact, a New York resident. Therefore, the Court will defer ruling on this issue until after the hearing has been held.

Finally, the Court notes that the hearing is needed only to determine the applicability of *Seider v. Roth.* It is clear that subject matter jurisdiction exists in this case. The citizenship of the parties for purposes of diversity of citizenship has traditionally been determined as of the time that the

action is commenced. *Peterson v. Allcity Insurance Co.,* 472 F.2d 71 (2d Cir. 1972); *Napletana v. Hillsdale College,* 385 F.2d 871 (6th Cir. 1967); *Janzen v. Goos,* 302 F.2d 421 (8th Cir. 1962). Since plaintiff was a New York resident when the suit was instituted, it is clear that there is diversity of citizenship here.

Accordingly, the service of process is quashed and the order of attachment is vacated, but a decision on the motion to dismiss the Complaint will not be rendered until after a preliminary hearing is held.

It is so ordered.