ROGERS v. ELLIOTT & a.

ROGERS v. PAGE & a.

Things which proceed annually of themselves, without the labor of man, though improved by it, are not emblements.

Standing grass is not open to attachment on *mesne* process or execution.

TRESPASS, for cutting and carrying away grass. The defendants justified under process. Facts agreed.

June 26, 1877, the defendant Elliott attached the grass, on a writ in favor of B. against S., and on the same day left a copy of the writ and return endorsed thereon with the town-clerk, for the purpose of preserving the attachment. The grass was then ripe and fit for harvest. S. was in possession of the premises on which the grass grew, and owned the same, subject to two mortgages, one of which was then held by the plaintiff, on which she had recovered a judgment for possession. June 27, 1877, the plaintiff bought the other mortgage, and July 2, 1877, in presence of witnesses, took peaceable possession, with the consent of S., for the purpose of foreclosure. July 22, 1877, the defendant Elliott, with his servants, entered upon the premises, and, against the plaintiff's objection, cut the grass and carried it away. The question was reserved whether the plaintiff was entitled to recover.

*Burrows & Jewell*, for the plaintiff.

*Blair & Burleigh* and *Carpenter*, for the defendants.

The grass, being ripe and fit for harvest, might be attached like corn and other products of the soil. *Cudworth* v. *Scott*, 41 N. H. 462; *Penhallow* v. *Dwight*, 7 Mass. 34. The ripening process of nature changes the character of growing grass from an interest real to a personal chattel, and when ripe and fit for harvest it is as essentially hay, and subject to attachment and removal, as though cut and lying in heaps upon the land. The mechanical process of severing a ripe blade of grass from the parent root no more changes its properties, physical, chemical, or legal, than the removal of any chattel found upon land of the debtor affects its nature. *Norris* v. *Watson*, 22 N. H. 364. The implication from that case is, that if the grass had been mature it would have been open to attachment. In this case there was no beneficial interest in the land required: the officer could treat the grass as he could ripe grain, corn, or potatoes, and remove it at his convenience.

STANLEY, J. The power to attach on *mesne* process does not exist at common law. It is given by statute, and authorizes the

seizure of all property, real and personal, which may be taken on execution. Gen. St., c. 205, s. 1.

The statute specifies what property may be so taken, but grass, ripe and fit for harvest, is not included with it. It was not, then, attachable, unless it could be taken on execution at common law. Gen. St., cc. 217, 218, 219, 220.

At common law, all the goods and chattels of the debtor, including emblements and all present profits of the land, could be taken. Com. Dig., Execution, c. 3.

Emblements were regarded as personal property, but that term does not include fruits which grow on trees which are not planted yearly, grass, and the like. It only includes those crops which grow yearly, and are raised annually by expense and labor, or great manurance or industry. The fruits and products of the earth, other than emblements, while they are hanging by the roots, are a part of the realty. As soon as they are gathered they are personal estate. Bouv. Inst. 471, 1518; 4 Kent. Com. 73.

Things which proceed annually of themselves, without the labor of man, are not emblements, as grass, though improved by the labor of man. Com. Dig., Biens G, 1.

Grass and standing trees are part and parcel of the land in which they are rooted, and as such are real property. They pass to the heir as part of the inheritance, and not to the executor or administrator, and they cannot be sold on an execution against chattels only. 3 Kent. Com. 401; 4 Kent. Com. 73; *Green v. Armstrong,* 1 Den. 550, 554, 556; *Cudworth v. Scott,* 41 N. H. 456, 462, 463; *Penhallow v. Dwight,* 7 Mass. 34; *Miller v. Baker,* 1 Met. 27. The grass in question was part of the realty. It was not liable to be attached as personal property, and the defendants' justification fails.

The defendants rely on *Norris v. Watson,* 22 N. H. 364, in support of their position that the grass, when attached, was attachable, because it was ripe and fit for harvest. That case decides that a growing crop of grass is not attachable in *mesne* process. The defendant entered the plaintiff's close July 8, and made an attachment of the grass growing there, and left with the town-clerk copies of the writ and his return, and on the 26th of the same month he cut the grass and carried it away. The court did not decide whether the grass would have been attachable if it had been ripe and fit for harvest when attached. The opinion went upon the ground that it was not attachable, because the possession, and the exclusive possession, of the land was necessary to assert the right which the officer claimed; that he could not keep the growing crop fenced and protected until it should ripen, without exclusive possession; and that this would deprive the debtor of any beneficial use of his land, the officer becoming, in effect, tenant of the land under color of authority to attach personal property, while the law did not permit him, by attachment of the land in

*mesne* process, to intermeddle with the possession. This view of the case was applicable to all growing crops, and as it was on this ground held that the officer could not justify under his process, it was not necessary to decide whether the grass would have been attachable if it had been ripe and fit for harvest. It being decided that the plaintiff could recover, because the grass was a growing crop and therefore not attachable, it was unnecessary to decide whether he could recover on other grounds.

We have not found it necessary to consider whether, if the grass could have been attached, the attachment could be preserved by leaving a copy of the writ and return with the town-clerk, as in the case of the attachment of the articles enumerated in Gen. St., c. 205, s. 16, and on this point we express no opinion.

When the defendants cut and removed the grass it was not the property of S., because the plaintiff was in possession under her mortgage, and with that possession there was transferred to her the standing grass as part of the realty, and she was entitled to hold it, as against S. and his creditors, until her mortgage debt was paid.

*Case discharged.*

ALLEN, J., did not sit: the others concurred.