## DIANE HOLLY CORPORATION

v.

## BRUNO & STILLMAN YACHT CO., INC.;

**Richard A. Bruno.**

**Civ. No. 81–300–D.**

United States District Court, D. New Hampshire.

March 29, 1983.

Warren C. Nighswander, Concord, N.H., F. Dore Hunter, Boston, Mass., for plaintiff.

Grenville Clark, III, Manchester, N.H., Donald F. Whittum, Rochester, N.H., for defendant.

### ORDER

DEVINE, Chief Judge.

Plaintiff appeals, 28 U.S.C. § 636 (b)(1)(A),[1] from that portion of the Magistrate's Order (entered December 29, 1982) denying plaintiff's Petition to Attach with Notice. Plaintiff has brought this action against defendant boat builder and its chief executive officer seeking damages for the loss of a fishing vessel, the DIANE HOLLY, in the Gulf of Maine on February 2, 1980. In its Petition to Attach, plaintiff sought to attach $250,000 of real estate and/or other property in anticipation of recovery of judgment in that amount. The Magistrate denied the Petition on the

---

1. In pertinent part, 28 U.S.C. § 636(b)(1)(A) permits the district judge to reconsider pretrial matters submitted to the magistrate "where it has been shown that the magistrate's order is clearly erroneous or contrary to law".

ground that the New Hampshire statute on prejudgment attachments, N.H. RSA 511–A:3 (Supp.1979) required a showing of "reasonable likelihood" of recovery and that a "reasonable likelihood" stood somewhere between a preponderance of the evidence in a civil case and a reasonable doubt in a criminal case. Finding that plaintiff did not meet this burden, the Magistrate denied the Petition. Plaintiff claims that this ruling is in error and that a "reasonable likelihood" is a lesser standard than a preponderance of the evidence.

■ The availability of a prejudgment attachment in federal court is governed by the law of the state in which the district court sits. Rule 64, Fed.R.Civ.P.; *Granny Goose Foods, Inc. v. Teamsters,* 415 U.S. 423, 437 n. 10, 94 S.Ct. 1113, 1123 n. 10, 39 L.Ed.2d 435 (1974); *Ashland Oil, Inc. v. Gleave,* 540 F.Supp. 81, 83 (W.D.N.Y.1982); *Anderson Foreign Motors v. New England Toyota Distributor, Inc.,* 475 F.Supp. 973, 977 (D.Mass.1979) (*"Anderson"*). In a hearing on attachment, N.H. RSA 511–A:3 provides that "the burden shall be upon the plaintiff to show that there is a reasonable likelihood that plaintiff will recover judgment including interest and costs on any amount equal to or greater than the amount of the attachment".

■ There is no New Hampshire Supreme Court case which interprets the meaning of the phrase "reasonable likelihood". The question presented is therefore one of first impression in this court. Judge Garrity of the United States District Court for the District of Massachusetts has ruled that the phrase "reasonable likelihood" in the Massachusetts prejudgment attachment statute requires a showing that "plaintiffs are likely to prevail on the merits and obtain damages in the necessary amount". *Anderson, supra* at 978. The Supreme Court of the State of Maine, construing nearly identical language in Rule 4A(c), M.R.Civ.P., has adopted the position propounded by plaintiffs herein, ruling that the "reasonable likelihood" standard is less onerous than proof that success is more likely than not. *Terry v. T.J.C. Coin &*

*Stamp Company,* 447 A.2d 812, 814 (Me. 1982); all that is required under Maine law is a reasonable probability of recovery, a standard requiring proof by less than a preponderance of the evidence. *Precision Communications, Inc. v. Rodrigue,* 451 A.2d 300, 301 (Me.1982); *Northeast Investment Co., Inc. v. Leisure Living Commodities, Inc.,* 351 A.2d 845, 851–52 (Me.1976). The Maine Supreme Court based its decision on both its reading of relevant federal cases and "previous state policy". *Id.* at 851. However, this Court's reading of the relevant state and federal authorities requires a different construction of the New Hampshire statute.

■ A prejudgment attachment implicates constitutionally protected property interests. *North Georgia Finishing, Inc. v. Di-Chem, Inc.,* 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975); *Mitchell v. W.T. Grant Co.,* 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974); *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). Accordingly, notice and an opportunity to be heard must be afforded in order to establish the "validity or probable validity of the plaintiff's underlying claim". *Hampton National Bank v. Desjardins,* 114 N.H. 68, 71, 314 A.2d 654, 656 (1974), *citing Fuentes v. Shevin, supra* at 97, 92 S.Ct. at 2003. The specifics of such hearings are not prescribed, the Supreme Court having held that the nature and form of a prior hearing is a proper subject of legislation rather than adjudication. *Fuentes v. Shevin, supra* at 96–97, 92 S.Ct. at 2002–03.

In New Hampshire, the remedy of attachment is in derogation of the common law and is permitted only to the extent and in the manner authorized by statute. *P.J. Currier Lumber Co. v. Stonemill Construction Corporation,* 120 N.H. 399, 401, 415 A.2d 869, 871 (1980); *Maine National Bank v. Baker,* 116 N.H. 185, 186, 355 A.2d 429, 430 (1976); *Rogers v. Elliott,* 59 N.H. 201, 202 (1879). Moreover, "[p]rivate property enjoys a special protection under the Bill of Rights of our State Constitution, N.H. Const. pt. 1, arts. 2 & 12". *J.E.D. Associates, Inc. v. Town of Atkinson,* 121 N.H.

581, 584, 432 A.2d 12, 15 (1981). This protection has been deemed so specific as to "necessarily limit[ ] all subsequent grants of power to deal adversely with it". *Grondin v. Town of Hinsdale,* 122 N.H. 882, 886, 451 A.2d 1299, 1301 (1982) (and cases therein quoted). All forms of property, not merely real property, are subject to these guarantees. *Burrows v. City of Keene,* 121 N.H. 590, 597, 432 A.2d 15 (1981); *Eaton v. B.C. & M.R.R.,* 51 N.H. 504, 511 (1872).

A prejudgment attachment may deprive a litigant of a significant property interest for weeks, months, or years, depending on the complexity of the case and the backlog of the court's docket.[2] If the hearing provided for by statute is to be meaningful, more than a favorable chance of success must be shown. Construing the statute narrowly in light of the special protections afforded property interests in this state, the Court finds and rules that plaintiff in an attachment proceeding pursuant to N.H. RSA 511–A:3 must make a strong preliminary showing that he or she will ultimately prevail on the merits and obtain judgment in the requested amount and that this showing must be established by proof greater than proof by a mere preponderance of the evidence.

The Magistrate's Order is accordingly affirmed. No error was committed in refusing to accept into evidence the letter of plaintiff's expert. Although the rules of evidence are not binding in an attachment hearing, N.H. RSA 511–A:3, the Magistrate did not err in refusing to consider unsworn testimony. *See Fuentes v. Shevin, supra.*

SO ORDERED.

---

**2.** In *Druding v. Allen,* 122 N.H. 823, 451 A.2d 390 (1982), for example, a New Hampshire superior court granted a prejudgment attachment based on a master's hearing held on November 5, 1980. A full hearing on the merits was held on June 10, 1981, resulting in judgment for the plaintiff. Judgment was reversed by the New Hampshire Supreme Court on September 10, 1982, one year and ten months after the initial granting of the attachment.