Strafford
No. 94-369

SOOKRAJ K. SINGH

v.

THERRIEN MANAGEMENT CORPORATION

October 27, 1995

*Abramson, Reis & Brown*, of Manchester (*Kenneth C. Brown* on the brief, and *Stanley M. Brown* orally), for the plaintiff.

*The Law Office of Rodney L. Stark, P.A.*, of Manchester (*Sherry M. Hieber* on the brief and orally), for the defendant.

BATCHELDER, J. The plaintiff, Sookraj K. Singh, appeals the Superior Court's (*Dickson*, J.) grant of summary judgment to the defendant, Therrien Management Corporation. He argues that neither the Workers' Compensation Law, RSA chapter 281-A (Supp. 1994), nor our decision in *Leeman v. Boylan*, 134 N.H. 230, 590 A.2d 610 (1991), bars his action against the defendant. We reverse and remand.

The plaintiff, an employee of Melanson Roofing Company (Melanson), sustained serious injuries when he fell through an opening in a roof to a concrete floor sixteen feet below. He received workers' compensation benefits from Melanson. In addition, he sued, among others, the defendant corporation, which was set up by Melanson's president, Robert Therrien, and his wife and employed the supervisory workers at the job site. The defendant moved for summary judgment, arguing that the exclusive remedy in RSA 281-A:8 precluded suit. Citing *Leeman*, the trial court agreed, ruling that the defendant "was carrying out the employer's duty, rather than some duty independent and distinct from the employer's responsibilities." This interlocutory appeal followed.

The standard of review is well established.

> In reviewing a motion for summary judgment, the trial court construes the pleadings, discovery, and affidavits in the light most favorable to the opponent of the motion in determining whether the moving party has met his or her

burden of establishing both the absence of a dispute of any material fact and the right to judgment as a matter of law.

*Opinion of the Justices (SLAPP Suit Procedure)*, 138 N.H. 445, 450, 641 A.2d 1012, 1015 (1994); *see* RSA 491:8-a (1983).

The plaintiff first argues that summary judgment was improper because his suit is not barred by our holding in *Leeman*. In that case, we were asked to determine whether an injured employee, who had received workers' compensation benefits, could maintain an action against his employer's parent corporation. We held that co-employee immunity as recognized in *Rounds v. Standex International*, 131 N.H. 71, 550 A.2d 98 (1988), "[did] not require the conclusion that a third party could not be held liable if it had independently undertaken a responsibility for keeping the employees safe from workplace accidents." *Leeman*, 134 N.H. at 236, 590 A.2d at 614. Rather than preclude suit, *Leeman* explicitly recognized that where a parent "independently undertook the duty to maintain safe working conditions", *id.*, liability was possible.

■ The plaintiff alleged that he was supervised at the work site by the defendant's employees. He attached to his objection to the motion for summary judgment the defendant's articles of incorporation, which listed one of its principal purposes as providing "maintenance and supervision" to other business organizations. Moreover, he specifically alleged that "Therrien Management breached its independently undertaken duty to provide the plaintiff with a safe workplace." Viewing these allegations in a light most favorable to the plaintiff, we hold that the trial court improperly ruled that *Leeman* precluded suit in this case.

■ It matters not that the defendant is an affiliate rather than a parent of the plaintiff's employer. "The cases uniformly deny immunity . . . if the employee seeks to recover in tort against a subsidiary or corporate affiliate of the employer, as distinguished from the employer's parent." *Volb v. G.E. Capital Corp.*, 651 A.2d 1002, 1009 (N.J. 1995); *see* 2A A. LARSON & L. LARSON, THE LAW OF WORKMEN'S COMPENSATION § 72.40, at 14-290.33 to 14-290.37 (1995).

Because our decision on this issue requires remand to the trial court, we will address the defendant's alternative grounds for precluding the plaintiff's action. *See Simpson v. Calivas*, 139 N.H. 1, 13, 650 A.2d 318, 327 (1994). The defendant contends that the plaintiff's claim is barred by RSA 281-A:8, I(b) because it was acting as an agent for the plaintiff's employer. The plaintiff counters that the statute's co-employee bar does not apply.

RSA 281-A:8, I(b) provides that except for intentional torts, workers' compensation is the exclusive remedy "against any officer, director, *agent*, servant or employee acting on behalf of the employer." (Emphasis added.) We must therefore determine whether the defendant was Melanson's agent as that term is used in the statute.

The term "agent" is not defined in the Workers' Compensation Law. Because the statute does not suggest otherwise, we look to the term's technical meaning. *See Hodge v. Allstate Ins. Co.*, 130 N.H. 743, 747, 546 A.2d 1078, 1081 (1988); RSA 21:2 (1988). "Agency" is defined as "the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." RESTATEMENT (SECOND) OF AGENCY § 1 (1957). "The one who is to act is the agent." *Id.* Where no control is given, the relationship of principal and agent cannot exist. *Adams v. Thayer*, 85 N.H. 177, 183, 155 A. 687, 691 (1931).

█ Nothing before us indicates that Melanson had any right to control the defendant. To the contrary, the statement of facts specifies that the plaintiff, at the time of the accident, was supervised by the defendant's employees. This suggests that the defendant controlled Melanson, not the other way around. Consequently, summary judgment on this issue would have been improper. *Accord Brady v. Ralph Parsons Co.*, 520 A.2d 717, 729-32 (Md. 1987) (holding corporation that undertook to oversee safety of construction project was not "agent" of employer for purposes of workers' compensation immunity).

██ The defendant next argues that the suit is barred because its employees were Melanson's borrowed servants. *See Appeal of Longchamps Electric*, 137 N.H. 731, 733-34, 634 A.2d 994, 996–97 (1993). Even assuming, without deciding, that the defendant's employees are immune to suit as Melanson's "employees" under RSA 281-A:8, I(b), *but cf.* 1B LARSON & LARSON, *supra* § 48.14 (presumption of continuance of general employment), "authorities uniformly hold that the immunity of a special employee to a tort action brought by an employee of the special employer does not inure to the benefit of the general employer." *Volb*, 651 A.2d at 1006. This is so because "[i]f [the defendant] were permitted to invoke the immunity of [its employees], it would escape responsibility for the risks incident to the conduct of its business without at the same time conferring any reciprocal benefit to the workers' compensation scheme. Such a result is neither fair nor necessary." *Campbell v. Harris-Seybold Press Co.*, 141 Cal. Rptr. 55, 59 (Ct. App. 1977).

The defendant and Melanson have chosen to conduct their businesses as separate corporate entities. Throughout the greater part of our history, "[t]here was a sense of some insidious menace inherent in large aggregations of capital, particularly when held by corporations. So, at first, the corporate privilege was granted sparingly; and only when the grant seemed necessary in order to procure for the community some specific benefit otherwise unattainable." *Liggett Co. v. Lee*, 288 U.S. 517, 549 (1928) (Brandeis, J., dissenting). Today "[a] business enterprise has a range of choice in controlling its own corporate structure. . . . The owners may take advantage of the benefits of dividing the business into separate corporate parts, but principles of reciprocity require that courts also recognize the separate identities of the enterprises when sued by an injured employee." *Leeman*, 134 N.H. at 233, 590 A.2d at 612 (quotation omitted). We therefore conclude that none of the defendant's theories precludes the plaintiff's suit.

*Reversed and remanded.*

All concurred.