Bone v. Hadco, Corp. et al.         CV-00-283-JD  05/10/01
                UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE


Elston Bone

        v.                              Civil No. 00-293-JD
                                        Opinion No. 2001 DNH 087
Hadco Corporation,
Sanmina Corporation,
and Bruce Pacquette


                            O R D E R


        The plaintiff, Elston Bone, proceeding pro se, brings claims

against his former employer and supervisor, alleging violations

of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §

2000e, et seq., and state law claims of negligence and wrongful

termination.[1]  The plaintiff also seeks punitive damages for the

Title VII claim pursuant to 42 U.S.C.A. § 1981a.  The defendants

move for judgment on the pleadings with respect to all claims

brought against Bruce Pacquette and some of the claims brought

against Hadco Corporation and Sanmina Corporation.

_____

        [1]The plaintiff also alleges that the defendants violated his
First Amendment right to free association, but he does not
clearly indicate what cause of action that allegation was
intended to support.  In his objection to the defendants' motion,
the plaintiff references 42 U.S.C.A. § 1983 and § 1985 and Title
VII under a caption of "First Amendment and Freedom of
Association."  Since neither § 1983 nor § 1985 are alleged in the
complaint, those causes of action cannot be considered in
response to the defendants' motion for judgment on the pleadings.
Since the plaintiff has not alleged any other basis for a First
Amendment claim, those allegations are not considered as stating
an independent claim.

## Standard of Review

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). When considering a motion for judgment on the pleadings, the "court must accept all of the nonmoving party's well-pleaded factual averments as true and draw all reasonable inferences in [his] favor." Feliciano v. Rhode Island, 160 F.3d 780, 788 (1st Cir. 1998). Judgment on the pleadings is not appropriate "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief.'" Santiago de Castro v. Morales Medina, 943 F.2d 129, 130 (1st Cir. 1991) (quoting Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988)).

## Background

Elston Bone worked for Hadco Corporation from March of 1996 until June 8, 1999. Bone first filed discrimination charges with the Equal Employment Opportunity Commission in April of 1998, alleging that Hadco discriminated against him based on his race. Bruce Pacquette was Bone's supervisor at Hadco.

Difficulties arose between Bone and Pacquette about Bone's break schedule and the time he used for taking breaks. Pacquette held a meeting with Bone in April of 1999, when Pacquette told Bone that he had heard that Bone spent his break time with his

2

fiancée, who is a white woman.  When Bone refused to stop taking his breaks with his fiancée, Pacquette shortened his break times and changed his schedule.

Pacquette issued two warnings to Bone about returning late from breaks.  Bone challenged the warnings with the Human Resources Department, and the warnings were removed from his record.  Bone alleges that Pacquette retaliated against him for challenging the warnings by making Bone punch out for break times although company policy did not require an employee to punch out unless they left the company premises.  After each break time, Bone would find a supervisor or a human resource representative waiting for him.  The Human Resource Manager then issued a directive requiring Bone to punch in and out for break times.

At a meeting on June 1, 1999, Pacquette waved a pen in Bone's face.  Pacquette charged Bone with insubordination, and Bone was suspended with pay for three days.  Bone's employment with Hadco was terminated on June 8, 1999.  He filed a second complaint against Hadco with the Equal Employment Opportunity Commission in November of 1999.

## Discussion

In the motion for judgment on the pleadings, Pacquette contends that Bone's Title VII claims cannot be brought against

3

him.  Hadco[2] and Pacquette challenge Bone's common law claim of wrongful discharge and contend that Bone's negligence claims are barred by the workers' compensation statute.  Bone objects to the defendants' motion.

A.  Title VII Claims against Pacquette

As Pacquette points out, it is well-settled in this district, as well as other jurisdictions, that no individual liability exists under Title VII.  See Preyer v. Dartmouth Coll., 968 F. Supp. 20, 25 (D.N.H. 1997); see also Vizcarrondo v. Bd. of Trs. of Univ. of P.R., 2001 WL 388472, at *4 (D.P.R. Mar. 21, 2001); Horney v. Westfield Gage Co., 95 F. Supp. 2d 29, 33 (D. Mass. 2000).  Therefore, Pacquette is entitled to judgment on the pleadings with respect to Bone's Title VII claims against him.

B.  Negligence and Negligent Supervision Claims

The defendants contend that Bone's state law claims of negligence and negligent supervision are barred by the exclusivity provision of the workers' compensation statute, New Hampshire Revised Statutes Annotated ("RSA") § 281-A:8.  The

_____

[2]Defendant Sanmina Corporation is Hadco's parent company. Since the distinction between the companies does not appear to affect the issues raised in the present motion, the two companies will be referred to collectively as Hadco.

4

workers' compensation statute covers, and therefore precludes, claims for negligence, arising in the course of a plaintiff's employment. See RSA 281-A:2, XI; 281-A:8; see also Holland v. Chubb Am. Serv. Corp., 944 F. Supp. 103, 105 (D.N.H. 1996); Miller v. CBC Cos., Inc., 908 F. Supp. 1054, 1068 (D.N.H. 1995); Thompson v. Forest, 136 N.H. 215, 219 (1992). Therefore, Bone's negligence claims against all of the defendants are barred by the provisions of the workers' compensation statutes.[3]

C. Wrongful Discharge Claims

"To support a claim of wrongful termination under [New Hampshire] law, a plaintiff must establish two elements: one, the the employer terminated the employment out of bad faith, malice, or retaliation; and two, that the employer terminated the employment because the employee performed acts which public policy would encourage or because he refused to perform acts which public policy would condemn." Short v. Sch. Admin. Unit No. 1, 136 N.H. 76, 84 (1992). If the public policy issue that underlies the plaintiff's wrongful discharge claim may be redressed under Title VII, however, the state tort claim is precluded by the statutory remedy. See Smith v. F.W. Morse &

---

[3]In this case, there are no allegations that would suggest that Sanmina Corporation would be liable in negligence on grounds that are independent from those alleged against Hadco. See, e.g., Singh v. Therrien Mgmt. Corp., 140 N.H. 355, 357-58 (1995).

Co., Inc., 76 F.3d 413, 428-29 (1st Cir. 1996). A wrongful discharge claim also requires that an employment relationship existed between the plaintiff and the defendant. See Miller, 908 F. Supp. at 1067.

Since defendant Pacquette was Bone's supervisor, but not his employer, the requisite employment relationship did not exist to support a wrongful discharge claim. See id. Hadco contends that Bone's Title VII claims, alleging discriminatory employment actions based on race, preclude his wrongful discharge claims based on the same facts. Although Bone refers to First Amendment violations, which may not be actionable under Title VII, he has not identified a separate public policy basis for his wrongful discharge claim. Therefore, to the extent Bone's wrongful discharge claims are based on allegations of racial discrimination, those claims are precluded. If Bone intended to plead a wrongful discharge claim against Hadco based on a different public policy, he must make that clear by filing an amended complaint.

D. Attorneys' Fees

Before filing the present motion, the defendants contacted Bone to seek his assent in dismissing the claims challenged in the motion. The defendants provided legal analysis of the claims with citations to pertinent case law. Bone nevertheless chose to

6

contest the motion. The defendants seek reimbursement for their attorneys' fees expended in filing this motion.

The defendants appear to have made a good faith effort to educate the plaintiff, who is proceeding pro se, before filing the present motion. Nevertheless, because of the plaintiff's pro se status, the court is reluctant to impose the sanction of an award of attorneys' fees against the plaintiff at this time. Instead, the plaintiff is put on notice that Federal Rule of Civil Procedure 11 provides that by signing pleadings filed in this court, all parties certify to the court their reasonable belief that their pleadings are filed with a proper purpose, that their claims and defenses are warranted, and that their allegations and denials of allegations have evidentiary support. See Fed. R. Civ. Pro. 11(b). Violations of Rule 11(b) may subject the violating party to sanctions. See Fed. R. Civ. Pro. 11(c).

Pro se parties, like all parties and counsel, are required to comply with the Federal Rules of Civil Procedure. See Eagle Eye Fishing Corp. v. United States Dep't of Commerce, 20 F.3d 503, 506 (1st Cir. 1994). The plaintiff is directed to obtain a copy of the Federal Rules of Civil Procedure and to familiarize himself with Rule 11, as well as other rules that may be applicable to his case. As the plaintiff is now on notice of his obligations, any violations in the future will be subject to sanctions.

<u>Conclusion</u>

For the foregoing reasons, the defendants' motion for judgment on the pleadings (document no. 26) is granted.  The plaintiff's claims under Title VII against Bruce Pacquette and his negligence claims against all three defendants are dismissed. The wrongful discharge claim against Pacquette is also dismissed. The wrongful discharge claim against Hadco and Sanmina is dismissed without prejudice to the plaintiff to file an appropriate amended complaint **on or before June 6, 2001,** to state a wrongful discharge claim.

The only claim remaining in suit is a Title VII claim against Hadco and Sanmina, including a claim for punitive damages pursuant to § 1981a.  All claims against Bruce Pacquette are dismissed.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

May 10, 2001

cc:  Elston Bone, pro se
     Jennifer A. Demaree, Esquire
     Martha Van Oot, Esquie
     Robin D. Murphy, Esquire

8